SHIRLEY S. ABRAHAMSON, C.J.
¶ 61. {concurring). I agree with the majority opinion's conclusion that Wis. Stat. § 788.07 sets forth a narrow scope of discovery for arbitration proceedings in the absence of an explicit, specific, and clearly drafted arbitration clause to the contrary.
¶ 62. I also agree with the majority opinion's conclusion that parties to an arbitration can seek *499 judicial intervention prior to the arbitrators' rendering an award only under special circumstances. These special circumstances are variously described in the majority opinion as "unusual circumstances," "compelling reason(s)," circumstances that "subject the aggrieved party to irreparable harm," "urgent or potentially irreparably prejudicial matters that demand the immediate attention of the courts," "especially urgent" circumstances, and circumstances that pose a "threat of irreparable harm." Majority op., ¶¶ 2, 20, 21, 60.
¶ 63. The majority then applies this rule to the present case and concludes that the Marlowes' action in the circuit court (and here) was premature because "no unusual circumstances justified an interlocutory appeal." Majority op., ¶¶ 2, 11, 22, 60.
¶ 64. Indeed, the majority goes so far as to say that the Marlowes did not suggest that the discovery dispute at arbitration was unusual in such a way as to justify intermediate intervention by the circuit court. Majority op., ¶ 21. On the contrary, the Marlowes made the logical and convincing argument that the arbitration panel's erroneous grant of broad discovery subjected them to the full-blown, time-consuming and costly burdens of litigation without the benefit of a jury trial and without an adequate remedy.
¶ 65. The majority decides at ¶ 21 that the Marlowes' judicial action is premature. As a matter of logic, the opinion should end there. Surprisingly, it does not. It goes on for another 39 paragraphs grappling with numerous issues, some briefed and some not briefed.
¶ 66. The majority opinion's reasoning is internally inconsistent. Or, as the majority opinion prefers to put it, it "seems at first blush incongruous" to hold that Marlowe's court action is premature and no relief *500 should be granted and then to give Marlowe the relief requested. Majority op., ¶ 22.
¶ 67. The inconsistency, or if you prefer, the "incongruity at first," second, or third blush, is evident because the reasons the majority uses to justify its deciding the substantive discovery issue also justify judicial intervention by the circuit court according to the rule set forth in the majority opinion: the case presents "special circumstances," "unusual or especially urgent circumstances," and "compelling reasons."
¶ 68. And what are the special, unusual or especially urgent circumstances or compelling reasons the majority gives for deciding the substantive issue in this premature action? To use the majority opinion's own words, if we did not decide this issue,
we would allow an erroneous rule to retain the force of law, not only in this case, but in all others. Moreover, further delay of the issue's ultimate resolution would impede even further the efficient disposition the parties bargained for by agreeing to arbitration. Lastly, we will be required to answer the important question presented by the discovery dispute sooner or later. It would only frustrate judicial economy were we to unnecessarily put the question off for another day, particularly when we would thereby cause arbitration in this case to proceed under the wrong statute in violation of a clear legislative dictate.
Majority op., ¶ 22 (emphasis added).
¶ 69. Prohibiting the Marlowes from obtaining immediate judicial intervention at the circuit court on a clearly erroneous arbitration decision relating to discovery, to use the words of the majority opinion, "would allow an erroneous rule" to have the force of law in the Marlowes' case; would cause "further delay of the issue's ultimate resolution"; "would impede even further the *501 efficient disposition the parties bargained for by agreeing to arbitration"; "would frustrate judicial economy"; and would "cause arbitration ... to proceed under the wrong statute in violation of a clear legislative dictate." Furthermore, the circuit court "will be required to answer the important question presented by the discovery dispute sooner or later." Majority op., ¶ 22.
¶ 70. For the very reasoning and analysis set forth in the majority opinion, I conclude that the Marlowe matter presents special circumstances and that the adjudication was not premature at the circuit court or here.
¶ 71. For the reasons set forth, I write separately.
¶ 72. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.